UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUI LIAN KE,<br><br>    Petitioner,<br><br>v.<br><br>DOLLY MATTEUCCI, et al.,<br><br>    Respondents. | Case No. 17-cv-06717-VC  (PR)<br><br>**ORDER DENYING PENDING MOTIONS AND DISMISSING PETITION**<br><br>Re: Dkt. Nos. 5, 7, 11, 14, 18 |

On November 21, 2017, Petitioner Hui Lian Ke filed a document entitled, "Writ of Habeas Corpus to Bring Forth the Prisoner held in Violation to Constitutional Rights," which the clerk filed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Ke is currently housed at the Elmwood Correctional Facility, but was housed at Napa State Hospital when she filed this action. As respondents, Ke names three employees of Napa State Hospital: Dolly Matteucci, Director; Leon Ins, Annuities Staff Person; and Denise Vallaflor-Samson, Acting Trust Officer. Ke has paid the $5.00 filing fee. After filing her petition, Ke filed the following documents: (1) two motions to grant extraordinary relief; (3) a petition for writ of mandamus; (4) two motions for a hearing; and (5) a motion for the court to proceed immediately.[1]

## DISCUSSION

### I. Allegations in Petition

In her petition, Ke makes the following allegations:

Ke was originally arrested on a probation violation. The superior court judge signed an

---

[1] This last motion, Dkt. No. 18, was mislabeled by the clerk as a motion for leave to proceed in forma pauperis. The clerk shall correct this docket entry.

order declaring Ke was mentally incompetent to stand trial and, on October 19, 2017, Ke was transferred to Napa State Hospital. When Ke arrived at Napa State Hospital, she was presented with many documents to sign that would give Leon Ins and Denise Vallaflor-Samson authority to withdraw funds from Ke's trust account. Ke did not sign any of these documents and she notified the respondents in writing that she did not consent to the withdrawal of any funds from her account. However, funds were withdrawn from her account. Ke was not informed of the reason for her probation violation or for her transfer to Napa State Hospital. The judge's order committing Ke to Napa is depriving her of her liberty without due process.

Based on these allegations, Ke has brought motions requesting relief from being forced to take medication, and a petition for a writ of mandamus by which she seeks an order prohibiting the defendants from using her trust account and prohibiting them from forcing her to take medication.

## II. Analysis

Ke's allegations assert two types of claims—those that are properly brought in a civil rights complaint and those that are properly brought in a habeas petition.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus." *Hill v. McDonough*, 547 U.S. 573, 579 (2006). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.*; *see also Nettles v. Grounds*, 830 F.3d 922, 932 (9th Cir. 2016) (section 1983 action is exclusive remedy for claims by state prisoners that do not lie at the core of habeas corpus); *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) (habeas jurisdiction is absent, and section 1983 proper, where successful challenge to a prison condition will not necessarily shorten prisoner's sentence). If the wrongly-filed petition names the correct defendants and seeks the correct relief, the court may re-characterize it as a civil rights complaint so long as the court warns the pro se litigant of the consequences of conversion and provides an opportunity for the

2

litigant to withdraw or amend the petition. *Nettles*, 830 F.3d at 936 (habeas and civil rights actions differ in a variety of respects—the proper defendant, filing fees, the means of collecting them and restrictions on future filings—that may make re-characterization impossible or disadvantageous to the prisoner). Otherwise, dismissal without prejudice to filing the claims in a civil rights action is the correct procedure. *Id.* (citing *Glaus v. Anderson*, 408 F.3d 382, 388 (9th Cir 2005)).

Ke's allegations about the defendants improperly taking funds from her trust account, liberally construed, may give rise to a cognizable claim under the Due Process Clause of the Fourteenth Amendment. *See Quick v. Jones*, 754 F.2d 1521, 1523 (9th Cir. 1985) (inmate's interest in the funds in her prison trust account is a protected property interest; pre-deprivation hearing required prior to withdrawal of money from the trust account). However, a successful challenge will not shorten Ke's duration of confinement. Therefore, this claim is properly brought in a civil rights action, not in a petition for a writ of habeas corpus. It is dismissed without prejudice so that Ke may file it in a civil rights complaint.

Ke's allegations about the defendants forcing her to take anti-psychotic medication, liberally construed, may give rise to a cognizable claim under the Fourteenth Amendment. *See Washington v. Harper*, 494 U.S. 210, 221-22 (1990) (recognizing liberty interest in freedom from unwanted medication); *Riggins v. Nevada*, 504 U.S. 127, 135 (1992) (forcing anti-psychotic drugs on convicted prisoner impermissible absent a finding of overriding justification and determination of medical appropriateness). However, a successful challenge will not shorten Ke's duration of confinement. Therefore, this claim is properly brought in a civil rights action, not in a petition for a writ of habeas corpus. It is dismissed without prejudice so that Ke may file it in a civil rights complaint.

Ke's allegations that she was not informed of the reasons for her commitment to Napa State Hospital, liberally construed, may give rise to a cognizable Due Process Claim. *See Vitek v. Jones*, 445 U.S. 480, 491-94 (1980) (commitment to a mental hospital produces a massive curtailment of liberty and consequently requires due process protection, even when the

respondent is already a prisoner in custody).  Because this claim pertains to changes in the conditions of Ke's confinement, not the duration of her confinement, it is properly brought in a civil rights complaint, not in a petition for a writ of habeas corpus.  It is dismissed without prejudice so that Ke may file it in a civil rights complaint.

Ke's allegations that she was not informed of the reasons for her probation violation is properly brought in a habeas petition.  However, it is the same claim she alleged in an earlier pending habeas petition, *Ke v. Davis*, C 17-4826 VC, and is dismissed as duplicative of that claim.

### III. Motions

Ke's motions for extraordinary relief requesting the discontinuation of her medication are denied as moot because these allegations are addressed above as a claim in her petition.

The motions for a hearing are denied as moot.  The Court has addressed Ke's allegations in this order; a hearing is unnecessary.  The motion to proceed immediately is granted; the Court addresses Ke's petition in this order.

The petition for a writ of mandamus is denied.  Federal district courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties.  *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (petition for a writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law).

### CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The motions for extraordinary relief and for a hearing are denied as moot.  The petition for a writ of mandamus is denied.  The motion for the Court to proceed is granted.

2. The claims that have been identified above as civil rights claims are dismissed without prejudice so that Ke may file them in a civil rights complaint.  The clerk shall send to Ke with this order a blank civil rights complaint form.

3. The claim based on her probation violation is dismissed with prejudice as duplicative

of the same claim brought in a previous petition.

    4. The clerk shall correct the docket entry at docket number 18, *see* footnote 1.

    5. The clerk shall issue a separate judgment and close this case.

**IT IS SO ORDERED.**

Dated: April 6, 2018

_____
VINCE CHHABRIA
United States District Judge